# Exhibit "A"

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>16-012598-NO<br>Hon. Megan Maher Brennan |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                    Court Telephone No. 313-224-0121

| Plaintiff<br>Martinez, Sonia | v | Defendant<br>Wal-Mart Stores East, LP, A Foreign Limited Partnership |
|---|---|---|
| Plaintiff's Attorney<br>Richard A. Denno P45240<br>620 Lydia Lane<br>Pontiac, MI 48341<br>248-745-6941 | | Defendant's Attorney |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>10/3/2016 | This summons expires<br>1/2/2017 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action  ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action  ☐ remains  ☐ is no longer  pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Wayne County | Defendant(s) residence (include city, township, or village)<br>Wayne County |
|---|---|
| Place where action arose or business conducted  Wayne County | |

10-3-16
Date        Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PROOF OF SERVICE | CASE NO.<br>16-012598-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature<br><br>Name (type or print)<br><br>Title |
|---|---|---|---|---|

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                         Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                Attachments

_____ on _____
                  Day, date, time

on behalf of _____

Signature

jp

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SONIA MARTINEZ,

    PLAINTIFF,                        NO

VS.

WAL-MART STORES EAST, LP,                  16-012598-NO
A Foreign Limited Partnership,
                                                        FILED IN MY OFFICE
                                                        WAYNE COUNTY CLERK
          DEFENDANT.                      10/3/2016 12:19:42 PM
                                                        CATHY M. GARRETT

_____/

RICHARD A. DENNO P45240
ATTORNEY FOR PLAINTIFF
620 LYDIA LANE
PONTIAC, MI 48341
(248) 745-6941
_____/

There is no prior action filed that occurred out of this transaction.

## COMPLAINT

NOW COMES the Plaintiff, Sonia Martinez, by and through her attorney, Richard A Denno, and complaining against the defendant, Wal-Mart Stores East, LP, a foreign Limited Partnership, Store Number 4383, respectfully represents to this honorable court:

1. That the Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That Defendant, Wal-Mart Stores East, LP (hereinafter referred to as Wal-mart) is a foreign Limited Partnership that operates a business in the County of Wayne, State of Michigan.

3. That the amount in controversy, exclusive of interests and costs, exceeds Twenty-Five Thousand ($25,000.00) Dollars.

4. That on or about September 17, 2015 at approximately 6:00 P.M. the Plaintiff, Sonia Martinez slipped and fell as she was walking inside of Defendant's store, store number 4383, Wal-Mart Supercenter, 5851 Mercury Drive, Dearborn, Michigan, 48126.

5. That Defendant, Wal-Mart owns, operates, manages and maintains the above premises at 5851 Mercury Drive, Dearborn, Michigan, 48126; Store Number 4383 known as Wal-Mart Supercenter.

6. That Plaintiff slipped and fell while she was walking down one of Defendant's aisle, said fall occurring as a result of Plaintiff slipping upon a wet, slippery liquid and substance on the floor and upon juice on the floor that was wet and slippery and said substance, liquid and juice could not be seen while Plaintiff was walking.

7. That said incident occurred at Defendant, Wal-Mart's premises located at Wal-Mart Supercenter, Store Number 4383, 5851 Mercury Drive, Dearborn, Michigan where Defendant, Wal-Mart was operating their business.

8. That at the time and place above indicated, the Defendant, Wal-Mart owed to the Plaintiff and all others similarly situated a duty to maintain their premises in a safe and careful manner, to keep their premises free from dangerous conditions, to provide a safe premises for plaintiff to travel past, to exercise reasonable care to protect plaintiff, to warn plaintiff of dangers they know of should know of or have created or are foreseeable, to inspect premises to discover possible dangerous

conditions, to remedy, fix, repair and clean up any condition that could be dangerous.

9. That Defendant, Wal-Mart breached all of the above duties in that they failed to provide a reasonably safe premises.

10. That Defendant, Wal-Mart breached their duty to Plaintiff and were negligent in the following ways, but not limited to:

    a. Failing to provide a reasonably safe surface and floor on which to walk on;
    b. Failing to maintain premises in a reasonably safe condition;
    c. Failing to keep premises free from hazardous, unsafe and dangerous conditions;
    d. Failing to timely and adequately inspect the area to eliminate hazardous and dangerous conditions;
    e. Failing to timely remove or eliminate the hazardous, dangerous and unsafe condition and warn plaintiff of same;
    f. Failing to provide adequate lighting;
    g. Failing and neglecting to correct, remove, clean up and/or repair and/or warn of the dangerous condition;
    h. Failing to use due care and inspect the premises to discover the possible dangerous condition which may pose a potential hazard to plaintiff including the wet, slippery liquid and substance on the floor and the wet and slippery juice on the floor that were all not visible to Plaintiff and all others similarly situated prior to Plaintiff's fall;

     i. Failing to warn of a dangerous condition including the wet, slippery liquid and substance on the floor and the wet and slippery juice on the floor that were all not visible to Plaintiff and all others similarly situated prior to Plaintiff's fall.

11. That Plaintiff was a business invitee because she went to Defendant's business to shop for items and said visit conferred a monetary value upon Defendant, Wal-Mart.

12. That Defendant, Wal-Mart knew and/or should have known of the existence of the dangerous, wet, slippery floor and condition and had reasonable time to alleviate the condition before the injury to plaintiff took place, but failed to do so and negligently breached a duty to plaintiff to keep the premises in a safe and reasonable condition.

13. That Defendant, Wal-Mart knew or should have known that people traveled this part of the premises on a daily basis.

14. That the negligence of Defendant, Wal-Mart was the direct, legal and proximate cause of Plaintiff's fall and resulting injuries, losses and damages.

15. That as a direct and proximate result of Defendant, Wal-Mart's negligence, the injured Plaintiff, Sonia Martinez,

    a. sustained severe bodily injuries including injuries to neck, shoulders, back, arms, legs, knees, ankles, feet and other injuries which were painful, disabling and necessitated medical care including hospitalization and

      medication, all in an effort to cure and alleviate injuries and attending pain and suffering;

  b. In addition thereto, said plaintiff suffered shock and emotional damage;

  c. Sustained aggravation of pre-existing conditions and/or reactivation of dormant conditions;

  d. Was unable to attend to her usual affairs, render services as formerly;

  e. Prior to said injuries, enjoyed good health and was able to enjoy the recreational and social activities which were normal for persons of Plaintiff's age group. However, the injuries sustained have caused a permanent cessation of these pleasures and in the future her participation will be limited due to the permanency of her injuries.

16. That as a direct and proximate result of the negligence of the Defendant, Wal-Mart and the resulting injuries to Plaintiff, said Plaintiff did and may continue to incur expenses for hospitals, doctors, x-rays, medicines and other medical attention.

WHEREFORE Plaintiff, Sonia Martinez prays that this Honorable Court grant judgment against the Defendant, Wal-Mart Stores East, LP, a foreign Limited Partnership in whatever amount in excess of $25,000.00 dollars Plaintiff is found to be entitled for compensatory damages and for the penalties and plaintiff's attorney fees plus interest and cost.

Respectfully submitted,

By:Richard A. Denno P45240
Attorney for Plaintiff
620 Lydia Lane
Pontiac, MI 48341
(248) 745-6941

Date: 10-3-16